**RECEIVED**

**AUG 20 2021**

CLERK, U.S. DISTRICT COURT
ST. PAUL, MINNESOTA

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

JEAN ALEXIS

                    Plaintiff(s),

vs.

                    Defendant(s).

(SHOLOM SHALLER FAMILY EAST CAMPUS.)

Case No. 21-CV-1882 PAM/DTS
(To be assigned by Clerk of District Court)

DEMAND FOR JURY TRIAL
    YES √    NO ___

## EMPLOYMENT DISCRIMINATION COMPLAINT

PARTIES

1. List your name, address, and telephone number. Do the same for any additional plaintiffs.

   a. Plaintiff

   | | |
   |---|---|
   | Name | Jean ALEXIS |
   | Street Address | 7729 LAKEVIEW LANE NE   SPRING LAKE PARK |
   | County, City | RAMSEY, SAINT-PAUL |
   | State & Zip Code | MINNESOTA, 55432 |
   | Telephone Number | 6512304765 |

**SCANNED**

AUG 2 0 2021

U.S. DISTRICT COURT ST. PAUL

2. List all defendants. You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption.

   a. Defendant No. 1

      Name                       **SHOLOM SHALLER FAMILY EAST CAMPUS**

      Street Address      **740 Kay Ave**

      County, City        **Ramsey County, Saint-Paul**

      State & Zip Code   **Minnesota, 55102**

   b. Defendant No. 2

      Name

      Street Address

      County, City

      State & Zip Code

**NOTE: IF THERE ARE ADDITIONAL PLAINTIFFS OR DEFENDANTS, PLEASE PROVIDE THEIR NAMES AND ADDRESSES ON A SEPARATE SHEET OF PAPER.**
**Check here if additional sheets of paper are attached:** ☐
**Please label the attached sheets of paper to correspond to the appropriate numbered paragraph above (e.g., Additional Defendants 2.c., 2.d., etc.)**

JURISDICTION

The Court has jurisdiction over this action under 28 U.S.C. § 1331.

3. This employment discrimination lawsuit is based on (check only those that apply):

   a. __√__ Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et. seq.*, for employment discrimination on the basis of race, color, religion, gender, or national origin. **NOTE:** *In order to bring suit in federal district court under Title VII, you must first obtain a right to sue letter from the Equal Employment Opportunity Commission (EEOC).*

b. \_\_\_ Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, *et. seq.*, for employment discrimination on the basis of age (age 40 or older). **NOTE**: *In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file charges with the Equal Employment Opportunity Commission (EEOC).*

c. \_\_\_ Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et. seq.*, for employment discrimination on the basis of disability. **NOTE**: *In order to bring suit in federal court under the Americans with Disabilities Act, you must first obtain a right-to-sue letter from the Equal Employment Opportunity Commission (EEOC).*

d. \_\_\_ Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701, *et. seq.*, for employment discrimination on the basis of a disability by an employer which constitutes a program or activity receiving federal financial assistance. **NOTE**: *In order to bring suit in federal district court under the Rehabilitation Act of 1973, you must first file charges with the appropriate Equal Employment Office (EEO) representative or agency.*

e. \_√\_ Other (Please describe.)

\_\_\_\_\_Coercion\_\_Harrassement\_and\_\_intimidation_____

_____

_____

_____

4. If you are claiming that the discriminatory conduct occurred at a location other than the defendant's address above, please provide the following information on where the conduct occurred:

_____
(Street Address)           (City/County)           (State)           (Zip Code)

5. When did the discrimination occur? Please give the date or time period:

From Thursday 8 of August 2019 to Tuesday 27 of October 2020.

ADMINISTRATIVE PROCEDURES

6. Did you file a charge of discrimination against the defendant(s) with the Equal Employment

Opportunity Commission or other federal agency?

    a. √ Yes,    Date filed: _06/02/2021_
    b. ___ No

7. Have you received a Notice of Right-to-Sue Letter?

    a. √ Yes,    if yes, please attach a copy of the letter to this complaint.

    b. ___ No

## NATURE OF THE CASE

8. The conduct complained of in this lawsuit involves (check only those that apply):

    a. ___ Failure to hire me

    b. √ Termination of my employment

    c. ___ Failure to promote me

    d. ___ Failure to accommodate my disability

    e. √ Terms and conditions of employment differ from those of similar employees

    f. √ Retaliation

    g. √ Harassment

    h. ___ Other conduct (please specify): _____

_____

_____

_____

    i. Did you complain about this same conduct in the charge of discrimination, referred to in number 6 above?

        √ Yes    ___ No

9.     I believe that I was discriminated against because of my (check all that apply):

     a.   √ Race

     b.   ___ Religion

     c.   √ National origin

     d.   √ Color

     e.   ___ Gender

     f.   ___ Disability

     g.   ___ Age (my birth year is: _____)

     h.   √ Other (please specify): _____

          _____Retaliation_____

     i.   Did you state the same reason(s) in the charge of discrimination, referred to in number 6 above?

          √ Yes      ___No

Describe in the space provided below the basic facts of your claim. The description of facts should include a specific explanation of the conduct that you believe is discriminatory and describe how each defendant is involved in the conduct (i.e., how, where, and when). Each paragraph must be numbered separately, beginning with number 10. Please write each allegation of discrimination in a separately numbered paragraph.

10.     **Plaintiff, Jean ALEXIS resident of Ramsey County Minnesota, united states of America. Plaintiff is a black male, National Origin, Haiti. Plaintiff worked a total of three years or more as a nursing assistant, for Sholom Home Care organization. In a periode from September 4th, 2016, to October 27, 2020, before being fired unjustly. the reasons stated by the Defendant in the letter for the Plaintiff termination are solely not truthful. Instead, they are pretexted under different discriminatory maneuvers or**

motives to harass, coerce, retaliate against the Plaintiff. Defendant (Sholom) has been Aware of the management's motives to racially discriminate, retaliate, harass employees, and failed to follow its own procedures. The defendant (Sholom) failed to treat employees equally on titles to remediate employees' condition when occurred. Plaintiff complained of the disparate treatment, harassment by Sholom managers. Plaintiff was dislike by Sholom managers because he complained about the discrimination he was enduring. The defendant (Sholom) is responsible for damages caused by the management targeting the plaintiff.

**Attach additional sheets of paper as necessary.**
**Check here if additional sheets of paper are attached:** ☐√
**Please label the attached sheets of paper as Additional Facts and continue to number the paragraphs consecutively.**

REQUEST FOR RELIEF

State briefly and exactly what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking.

Plaintiff Jean ALEXIS requests that the court upon judgement statute against the defendant (Sholom Shaller Family Home East), to be compensated for the following pains, trauma, causes. And relief awards:

a) Attorney fees of the plaintiff, PTO or Plaintiff's sick times, Back pay, front pay and injunctive compensatory relief.

b) Abuse of position and administrative, emotional stress from intentional persecution and defamation.

c) 300000.00$ Award compensatory for wrongful termination, retaliation, discrimination, toxic work environment, emotional stress, and distress in accumulation of sufferance.

d) Severance for homelessness, school and wellbeing breached because of personal state deprivation caused by recklessness of the matter.

Date: 08/20/2021

Signature of Plaintiff

6

|  |  |
|---|---|
| Mailing Address | ___P.O._BOX_____ |
|  | ___32554_____ |
|  | ___FRIDLEY, MN_55432_____ |
| Telephone Number | ___6512304765_____ |

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide his/her mailing address and telephone number. Attach additional sheets of paper as necessary.

11.    On August 7th,2019 at 10:20 Pm Defendant employee Barbara Hickman (White Female LPN), day nurse manager of second floor targeted the plaintiff with a series of false claim propaganda. Pam Gaughan (night shift nurse that the plaintiff worked with that day) and Jenny Heroff had reported verbally in the hallway and elevator to the plaintiff from Barbara Hickman that he neglected to do his job well by not charting care he provided to the residents on Tuesday 6th,2019 which cause the organization to lose money. On August 8th, 2019, at 5:47 Am, while working, the plaintiff copied conform (CC) (Karissa Pope, (Director of nursing), Jenny Heroff, (one of the messengers) to an email in response to Barbara Hickman false claim to clear himself. The defendant took it wrong and throw profanity on the mane of the plaintiff and as a (C.NA). The plaintiff overheard Barbara Hickman said "who this black guy thought he is? Did he have these things where he came from?". Barbara Hickman did not respond the plaintiff email. But she admitted to the Plaintiff after his shift ended in the morning saying that "it could be the system." other Coworkers like: Sue, Dearest, Beverly, and Grace told the plaintiff in a vague conversation that night, how strange it is because it's never happened to anyone else even when they didn't chart for some residents.

12. In a suites interval of documented and undocumented events. Six months after the defendant opposed to the false claims. On February 27th, 2020, (LPN) (Black Female) Adijat Lawal Plaintiff's direct Supervisor (Defendant employee) at 10:30 Pm verbally ordered the plaintiff not to go to room 215 (Highland/Macalester) because someone had reported a Black aid on Wednesday February 26th,2020 pretending it was the plaintiff the resident reported. when the plaintiff wasn't even on the Schedule that night. The Plaintiff immediately told his supervisor (Adijat Lawal), "It must be a mistake because I have never worked on Wednesday. To what the defendant employee (Adijat Lawal) stayed perplex and responded, "huh okay!" but sympathized.

13. Less than a week, on March 3rd,2020 someone reported that nothing at all as part of the Plaintiff job was done for that night. Plaintiff was convoked to his direct supervisor office (Adijat Lawal) who inform him from now on all report matters, Karissa Pope (Director of nursing) will be the one to contact for his cases. Firmly, plaintiff claimed his innocence, reported to Karissa Pope, that he is being persecuted for being disliked of another false claim because of the plaintiff complained to the management. Luckily that night, almost every task the plaintiff performed for the residents, Jacky Lovelace (Night nurse) helped and did them together. In contrary of what that report said, the plaintiff did perform all task from his job list that night. Karissa Pope (Director of nursing) failed to remediate any of the defendant concerns of being targeted, retaliate because of the plaintiff critics about the defendant (Sholom) unprofessional administrative manners. Karissa Pope (defendant employee) told the plaintiff to report the case to his supervisor. The plaintiff reminded Karissa Pope (the defendant employee) that she was delegated to all diligences as the management coordinated to do so, and as the plaintiff's new direct supervisor, Karissa Pope (defendant employee) ignored all matters allowed this vicious practice to continue.

14. On March 17th,2020 plaintiff was switched to another floor (Summit/Groveland) from his usual working, where once again he has been reported because he was not given personal information when asked by a resident and considered as rude not doing so. On March 19th,2020 the plaintiff has been reported to the same floor neglected a resident when after investigation and administration leave, Karissa Pope found exactly what the plaintiff told her, the report was not true. The plaintiff helped the resident 10 times that night till 7:00 Am when he had to leave at 6:30 Am. On March 25th someone reported that the plaintiff told a resident to shut up. Nurse managers (Adijat Lawal and Karissa Pope) knew the resident behavioral temperament because of the pain management and narcotics pills. Plaintiff explained that he did not even say a word to the resident. More plaintiff advised the Nurse he was working with (Jacky Lovelace) not to talk because the resident was angry and cursing. Suggested that any respond might trigger him to get angrier. On April 27th, 2020, on Highland/Macalester (TCU plaintiff regular floor) the same resident was figuratively showered in his bowel movement. In the idea of his wellbeing, the plaintiff tried after a countless time the kindness to persuade him to have a bed bath and be clean to have a very good night. While given that bed bath, the resident wanted to have multiple non consistent conversations. The plaintiff did not mention the smell for communication, told the resident that he couldn't speak while cleaning him, but the plaintiff will be happy to talk to the resident after. Instead of being encouraged for doing a very good job, someone reported the plaintiff for being rude regarding toileting the resident and not answering questions or conversing.

On May 8th,2020 Karissa Pope convoked the plaintiff to receive an employee corrective action form Following multiple false complaints she has had about the plaintiff. Even if Karissa Pope was the one conducting the investigations and found no veracity in these matters each time after putting the plaintiff on administration leave.

Karissa Pope wanted in a punitive means to proceed anyhow. The plaintiff told Karissa Pope (Director of nursing, Defendant employee) that's he won't take a verbal warning for lies and persecution. The plaintiff stated he would rather resigned than accepting a soiled reputation even when they treat him as he did not have any. The plaintiff reiterates his faith to do good only, working to provide for himself and help others. In any other case, the plaintiff was ready to resign not to have frequent dispute like it has been to harass, discriminate, targeting, retaliate against him. Even more these reports were all false.

Karissa Pope changed the corrective action form, from Documentation verbal warning to Education preferences because the Plaintiff refused to sign the form with effects that he did not cause. Karissa Pope told the plaintiff there is no need to resign it was a corrective paper with no consequences but a communication class to assist. The plaintiff and Jacky Lovelace attended the class.

15. On June 2nd, 2020, the Plaintiff had been asking by Mike (white male scheduler, employee defendant) to work or if the plaintiff could work on isolations which meant provide care for Covid19 patients. At first the plaintiff returned the question asking him what does Mike think because textually he wrote "Are you scared of Isolation? Just wondering." Then mike joked and texted the plaintiff "I won't put you" when the plaintiff clearly informs the administration that he can't work with Covid19 patients for several reasons when asked ulterior: 1) to avoid crossed contamination because the plaintiff had two part time jobs and the virus was new and we did not have much information yet about it. 2) the plaintiff can't afford to drive in the eyes of the typhon looking for covid19 because the plaintiff is living all alone." And he must be cautious. But if it arrived that the plaintiff contracted it sometimes, the plaintiff will let it be. The defendant (Sholom) tried to coerce the Plaintiff by first, (Mike employee defendant) placed him on 3rd floor (Johnson) where they had some patients in observation. Karissa Pope (Director of nursing) called the plaintiff early in the morning after the shift to inform him that the plaintiff has been in contact with a covid19 patient therefore the defendant needed to investigate his case. The plaintiff understood the Approach let her elaborate to be clear and prove a point that he acknowledged before the plaintiff told her. "What are you talking about? I did not work on 3rd floor (Johnson.)" Karissa Pope stated, "Huh Sorry!" did not know that night the plaintiff had been removed by (the night COB) to 2nd floor for the shift. Hang up the phone call.

16. On Summit/Groveland, June 2020 or so, Plaintiff reported to the morning shift coworker (white female employee) before leaving work. That a resident (historically dealing with hallucinations and behavior) has had never put his call light on for the night shift until it was around 5:00 Am to 6:30 Am to ask where he was, why he placed in that facility and fighting? Yelled at the plaintiff when responded the call light. The resident stated that he did not want the Plaintiff in his room. Plaintiff left the room

9

immediately, reported it to the morning shift. Because it was the only resident, that the plaintiff did not provide care for the shift.

Hours after arrived home, Karissa Pope (white female, director of nursing, employee defendant) called the plaintiff to let him know that he is being under investigation for Assault. Therefore, he is going to be on administration leave not for 3 days as usual but 5 days this time. Plaintiff quietly responded to Karissa Pope (RN manager) "okay do as well it is to be" the plaintiff was feeling tired after the night shift and mostly tired of countless time being targeted, stressed, harassed, and discriminated. What should have taken 5 days, went around 7 to 9 days.

After these purgative days, Karissa Pope called the Plaintiff to inform him one more time, after further investigation they found no foundation on these allegations of him assaulting the resident. The plaintiff is being scheduled to work as normal. The plaintiff being aware now, very convinced of the exaggerated allegations, malicious intentions of the Defendant (Sholom Home East) "asked Karissa Pope, what is next?" Is it going to be rape now? To enforce that the plaintiff had been complaining, reported, requested to (Sholom) the defendant to stop harassing, discriminating him. But nothing has never done to follow up. The plaintiff continues to say, that he knows himself and can control some physical aspects of his life for example his libido. Because the plaintiff overheard two other black (African origin) employees affected to Highland/Macalester went through the same allegations ended up to rape allegation result after investigation and fired. The plaintiff reported to Karissa Pope that, 3 or more weeks after hired from sholom in September 2018. He was assaulted, thrown juice on by an 18-year-old patient, (TCU) very lucid. The plaintiff's scrub was dirty, mentioned by analogy the plaintiff did not retaliate against that resident, why would the plaintiff be now assaulted a patient who has cognitive impairments? To prove naturally that he is a kind worker and very educated person. The plaintiff knew administratively a reporter always being kept anonymously. The plaintiff asked Karissa pope (director of nursing, the defendant employee) by what they Identify a person when being reported? The defendant employee leaved the intent to be determined by color. The plaintiff was speechless and end up the conversation with a better understanding of his case.

17. September 24th, 2020, at 10:25 Pm the plaintiff went to work but was taken off the schedule without any notice, or prealable instruction which left him confused asking so many questions with no answers. Adijat Lawal (Black female, LPN, defendant employee) ordered by Sholom's management, to take the plaintiff of the schedule verbally. The plaintiff asked Adijat Lawal (LPN, defendant employee), "like that? Without any notice? what did I do again?" after she stated verbally, "Jean (the plaintiff) you cannot work tonight, call Andrea Krebs in the morning!" in the plaintiff mind, passing the prior supervisors Adijat Lawal, Karissa Pope and finally Andrea Krebs (defendant employee Shaller campus administrator) it must be really an irreversible phenomenon that the plaintiff caused to be harassed in that manner to rise the steps to the administrator. No formal administrative letter has been issued, as well it looks to the defendant management (Sholom) using their administrative position to

discriminate, sending the plaintiff home with the only solution to call the "big boss" (repeating Adijat Lawal). The plaintiff attempted several times to reach Andrea Krebs by phone as ordered but in vain. The plaintiff has never found the Administrator as mandated even now. The plaintiff for causes could not go back to work without her approval reinforced Adijat Laval saying (LPN, defendant employee) when taken the Plaintiff off the schedule on September 24, 2020.

18. September 27th, 2020, at 3:56 Pm the plaintiff (Jean Alexis) missed a call from Madeline Galleway (Defendant employee Sholom Shaller east campus). At 4:01 Pm the Plaintiff returned the call. Madeline Galleway presented herself and started by telling the plaintiff about an investigation she must conduct on a case that the plaintiff has had provided care to a covid19 patient. Confused and alarmed, the plaintiff asked Madeline Galleway; "when did that happened, what floor and who, he was taking care of?" The defendant employee Madeline Galleway responded on 26th of September 2020 and could not tell who and what floor the plaintiff was on. Aware of the continuous malicious discriminatory intent of the employees supported by Sholom Shaller East Campus administration, the plaintiff excused himself to Madeline Galleway, telling her "I'm very sorry that you don't know what you are talking about." Explained to her that, he was taken off the schedule without notice but for further notice. Madelaine Galleway (the defendant employee, Sholom) was dictated what to say, seems the defendant had no arguments. Madeline Galleway abruptly ends up the phone call.

19. October 1st, 2020, the plaintiff received a mail from Sholom (the defendant) dated September 22nd and 23rd, 2020 on the envelope but anti-dated September 18th, 2020, on the letter itself. Addressed to all staff with no signature. Sholom (the defendant) intended to forge a horizon letter where the management pretended to inform the plaintiff about Covid19 testing. To justify the plaintiff's unpaid taking off the schedule, unpaid administrative leave and eventually being fired with unpaid PTO / Sick time. The plaintiff termination has been under discrimination but pretexted not to be by Sholom management.

October 15th, 2020, the plaintiff received another mail from Sholom (the defendant). Dated October 12th and 13th, 2020 on the envelope and rightfully dated on the letter 12th, 2020 signed by Andrea Krebs (Sholom East administrator). One more time Sholom management tried to forge facts. To coerce, harassed, intimidate, retaliate, and discriminate the plaintiff. While the defendant, (sholom Shaller east campus) did not pay the plaintiff some of his hours since taken off the schedule which provoked the homelessness of plaintiff, the management credited the plaintiff bank account for the amount 20.72$ covid19 back paycheck on October 16th, 2020, implemented in March 2020. Alleging in the letter that the plaintiff was suspected or identified as staff who worked with covid19 positive residents.

  The plaintiff asked the banking institution (Affinity plus credit union) that he was dealing with to debit his account, credit the Defendant (Sholom east campus) account for the same amount 20.72$ denied all of their approaches to justify their discriminatory action toward him. the plaintiff wrote Andrea Krebs (The defendant Administrator) a mail and an email on October 14th, 2020, copied conform to Karissa Pope (the defendant director of nursing) in which the defendant explained to the defendant (Sholom management) the foundation of his understanding for their harassment, discrimination, coercion, intimidation, and retaliation. Brought up the facts from March 2020 to October 16th, 2020, as stated in the letter, 8-month length after Covid19 strike, a back paycheck cannot be considered as mistake but neglect and wrongdoing at that time.

20. On October 30th, 2020, the plaintiff received a mail from Karissa Pope (director of nursing, employee defendant) dated 28th and 28th on the envelope logically October 27th, 2020, on the letter. In which the plaintiff accused receiving a resignation letter due to Covid19 testing failure.

  The plaintiff was wrongfully terminated from the employment. Sholom shaller family east campus management voluntary caused prejudice to the plaintiff. Sholom created false narrative to justify their actions terminating the plaintiff and concealed their discriminatory bias, double standard, approaching reports on black people working for the organization. Defendant (Sholom) encouraged toxic work environment and nurtured discriminatory behavior because of the plaintiff's race, color, national origin. Instead of listening to the plaintiff grievance, they build a plan to punish him more than they did before on targeting him and fired the plaintiff. When the plaintiff suggested that Barbara Hickman (employee defendant) to stop falsely accused him not doing his job, affected his reputation and work performance. The plaintiff was just being honest telling the defendant to use the formal administrative path to contact him. Not by telling every night shift employees in the department to let him know (Propaganda). Sholom management did not apply their policy to remediate the facts. From similar charting mistakes which are not the plaintiff case because he charted correctly as due. Sholom was being bias when treating white or another race differently to black employee. On a floor Groupe conversation after the Barbara Hickman incident, an employee stated that she does not even chart at all sometimes, but she never got called.
  That was not by chance a suite of granted incidents happened to the plaintiff. These allegations were premeditated because of the color, race, and national origin of the plaintiff. The plaintiff has suffered a lot from being strictly under scrutiny relatively for false reasons of reports because the plaintiff openly complained to the defendant management (Sholom) compared to other employees. Sholom management failed to stop, urged racial charged insignificant black employees reports to fortify the invisible line between black and white employees inside of the organization created a very poor work environment. Where nattering rumors, racial profiling, trapping, trust indifference, retaliation, discrimination, and wrongful employee termination conducted a barrier to survived and be proud of the job black employees are doing.